UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEARRE WILLIAMS,

                Plaintiff,

    -against-

D.O.C.C.S.,

                Defendant.

25-CV-2960 (LTS)

PARTIAL TRANSFER ORDER AND ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff paid the fees to bring this action *pro se* under 42 U.S.C. § 1983. He alleges that his constitutional rights were violated at Five Points Correctional Facility, where he is currently incarcerated, and also at Green Haven Correctional Facility, where he was previously incarcerated. For the reasons set forth below, the Court: (1) transfers the claims arising at Five Points to the United States District Court for the Western District of New York; and (2) dismisses without prejudice the claims arising at Green Haven.

## BACKGROUND

The following facts are drawn from the amended complaint, which names as the sole Defendant the New York State Department of Corrections and Community Supervision ("DOCCS").[1] According to Plaintiff, on multiple dates in 2024, he was called the "N" word; "gang assaulted"; sexually assaulted; "robbed"; and denied food. (ECF 9 at 4.) He alleges that two incidents occurred at Green Haven, and that three incidents occurred at Five Points, but he

---

[1] Plaintiff amended his complaint of his own accord, not in response to an order from the court. (ECF 9.) The two pleadings are substantially similar. The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

does not specify on which dates and where each incident occurred or who was involved. (*Id.* at 5.) Plaintiff seeks money damages and to "recover video." (*Id.*)

Plaintiff paid the filing fees to bring two other *pro se* complaints in this district containing claims that overlap with the Green Haven claims that are set forth in the pleadings in this case. *See Williams v. Dep't of Corr. (D.O.C.C.S.)*, No. 25-CV-4881 (LTS) (S.D.N.Y. June 18, 2025) (dismissing complaint against DOCCS without prejudice to the Green Haven claims proceeding in this case) ("*Williams I*"); and *Williams v. Green Haven C.F.*, No. 25-CV-6859 (LLS) (S.D.N.Y. October 1, 2025) (granting Plaintiff leave to amend his complaint, which names Green Haven and Green Haven staff, to provide facts supporting his conditions-of-confinement claims arising in 2024 and 2025) ("*Williams II*").

## DISCUSSION

**A.      Claims arising at Five Points in Romulus, New York, in Seneca County**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's claims arising at Five Points occurred in Romulus, New York, which is located in Seneca County. The only named Defendant is DOCCS, which is located in Albany, in Albany

County. Venue for these claims therefore appears improper in this Court under Section 1391(b)(1), (2).[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arising at Five Points occurred in Seneca County, New York, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue for these claims lies in the Western District of New York, 28 U.S.C. § 1391(b)(2). In the interest of justice, the Court transfers Plaintiff's claims arising at Five Points to the United States District Court for the Western District of New York.[3] *See* 28 U.S.C. § 1406(a).

**B.     Dismissal of Green Haven claims without prejudice**

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (internal quotation marks omitted). District courts thus have discretion to dismiss a later-filed action that is duplicative of proceedings already before it. *Id.*; *see also Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, No. 5:11-CV-0938, 2012 WL 264603, at *3 (N.D.N.Y. Jan. 30, 2012) (holding that "dismissal of an action as duplicative has

---

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[3] Nothing in this order prevents Plaintiff from amending his complaint in the Western District of New York to add individual defendants, so long as such amended complaint complies with Rule 15 of the Federal Rule of Civil Procedure.

3

been found to fall within the ambit of the Court's power to dismiss a complaint . . . pursuant to 28 U.S.C. § 1915(e)").

In his amended complaint in this case, naming only DOCCS, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement while incarcerated at Green Haven in 2024. In *Williams II*, Plaintiff's complaint names Green Haven and Green Haven staff, asserts substantially similar conditions-of-confinement claims, and alleges that those events occurred in 2024 and 2025. By order dated October 1, 2025, Judge Louis L. Stanton granted Plaintiff leave to file an amended complaint to provide facts supporting his claims and to name all Defendants who were personally involved in violating his rights. As the pleadings filed in this matter and in *Williams II* raise overlapping claims occurring during the same general time period, no useful purpose would be served by litigating these two duplicative lawsuits. Accordingly, the Court dismisses the Green Haven claims asserted in this complaint without prejudice to *Williams II*, the matter pending under docket number 25-CV-6859. If Plaintiff wishes to assert any other claims or name other defendants in connection with the events giving rise to this matter, he may, consistent with Rule 15 of the Federal Rules of Civil Procedure, amend his complaint in *Williams II*, the action under docket number 25-CV-6859, to include such claims. The court has already granted Plaintiff leave to amend his complaint in *Williams II*.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. The Court waives Local Rule Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case.

The Court dismisses Plaintiff's claims arising at Green Haven. The dismissal of the Green Haven claims is without prejudice to the matter pending in this court under docket number 25-CV-6859 (LLS).

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment dismissing the case in this court.

SO ORDERED.

Dated:   October 9, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                        Chief United States District Judge